W. M. Randau, Appellant, v. W. H. Stultz, Appellee.

**Drainage:** surface water: injunction. Defendant for a valuable consideration obtained the right to connect with plaintiff's tile drain to discharge the water naturally flowing in that direction; later the same was extended, and as plaintiff claims, carried water onto his land which naturally flowed in another direction; but the evidence was indefinite and uncertain, and plaintiff is held not entitled to an injunction restraining the maintenance of that constructed, but is restrained from further extension of the drain.

*Appeal from Story District Court.*—Hon. W. D. Evans, Judge.

Thursday, March 19, 1908.

Rehearing Denied Monday, November 23, 1908.

Suit in equity to enjoin and restrain defendant from constructing or maintaining a tile drain emptying into one constructed by plaintiff across his own land, which adjoins that belonging to defendant, but which is the servient estate. The trial court denied the prayer of the petition, and plaintiff appeals. *Modified* and *affirmed.*

*John Y. Luke,* for appellant.

*E. H. Addison,* for appellee.

DEEMER, J.—Plaintiff and defendant own adjoining tracts of land, plaintiff's lying north of that belonging to the defendant. The general slope of the land in that immediate vicinity is toward the northwest. There seems to be a divide on plaintiff's land running in a southeasterly direction; but even on the top of the divide the land is wet and somewhat marshy, or "sour," as some of the witnesses term it. Immediately east of plaintiff's land is a tract belonging to one Born, upon which there is a pond which extends some distance over the line between the two tracts of land to the west and south. On defendant's land there is a chain of very shallow ponds or depressions, one of which is in the form of a crescent. Some of the overflow water from these ponds originally ran to the south and east, and some of it north and east. The water from the pond on the Born land ran almost due north for quite a distance, and then, turning abruptly to the west, ran back on defendant's land, following a westerly course for some distance, and then, turning northward, ran to the line between plaintiff's and defendant's land, and from there pursued a northwesterly course, entering into a swale or slough. Plaintiff put in a six-inch tile across his land running from this swale or slough back to the boundary between the two tracts; and defendant, desiring to drain his land, and to secure an outlet for his tile drain, purchased of plaintiff the right to join onto his six-inch tile with a five-inch one. For this privilege he paid the plaintiff what he asked, to wit, $16. This agreement was either very indefinite in fact, or the testimony with reference to it was not brought out with any great clearness; but it is practically conceded in argument that this agreement gave defendant the right to drain into plaintiff's tile all the water which naturally flowed in that direction. Plaintiff constructed a tile across his own land, and Born extended it to the pond upon the Born tract, and some time before this suit

VOL. 140 IA.—18

was commenced defendant extended the drain from the boundary between the Born land and his own to one of the shallow ponds or low places upon his own land which formed a part of the "chain" hitherto mentioned.. The action is to prevent the discharge of the water collected by this last extension into the system theretofore constructed, upon the theory that it increases the flow therein to such an extent as to damage the plaintiff and destroy his drain upon his own land, collects and discharges water at a place where it would not otherwise have gone, and increases the flow of water upon plaintiff's premises in such a manner as to injure and damage him without right and without his consent.

There is no doubt that for a valuable consideration defendant secured the right to empty his tile drain into the one theretofore constructed by plaintiff; and, while the terms of the agreement do not very clearly appear, we are disposed to hold that defendant would have no right to collect and discharge water therein which would not naturally have gone in that direction to plaintiff's damage. Plaintiff contends that this is what defendant did. He argues that defendant, in constructing the extension complained of, cut through a natural divide or ridge, causing water which would have gone naturally to the south and east to flow into the pond on the Born land, and thus increased the flow of water which was conducted to plaintiff's drain to his injury and damage. We have gone over the record upon this proposition with some care, and are of opinion that there were no regular channels for the escape of water from the chain of ponds. Defendant's land was all in cultivation or in pasture, although part of it was wet, and in rainy seasons would not produce much; but the damage from this so-called chain of ponds was largely dependent upon the way in which the land was plowed. In wet seasons some of the water ran off toward the east into the Born pond, and.

some of it southward into another pond close to a high-way at the south end of defendant's farm.    After the tile was put in the surface water which did not get into the drain still followed these courses.    It is impossible to tell from the testimony how much increase there was in the flow due to the extension of the tile complained of. Although the extension has been in for at least one sea-son no damage was shown to plaintiff's land.    He seems to be apprehensive that there will be some in the future; but we are constrained to hold that, while there may be some increase in the flow, it will not be such that the six-inch tile will not carry it off.    In any event the testi-mony shows that the increase in the flow of water was nominal only, and with the testimony in such a confused state as we find it, and without the profiles which were before the trial court and were introduced in evidence, we are not disposed to hold that the trial court was in error in its findings in the case.

We are of opinion, however, that defendant should be restrained from putting in any more extensions as he threatens to do, and that the decree should be modified to that extent.    That is to say, he will not be enjoined from maintaining the tile drains he now has, but he should be restrained from further extending his drains by laterals or otherwise.    In this respect, and this only, will there be a modification of the decree.    Each party will pay one-half of the costs of this appeal.—*Modified* and *affirmed*.